## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tunyia Hinds, | **COURT FILE NO.: 0:16-cv-228** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Stellar Recovery, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4.    Defendant has transacted business within the State of Minnesota by attempting to collect this debt from Plaintiff over the telephone while Plaintiff was located within and permanently residing within the State of Minnesota.

5.    Defendant has also transacted business within the State of Minnesota by registering itself as a foreign corporation with the Minnesota Secretary of

State.

6.     Defendant has also transacted business within the State of Minnesota by registering itself as a licensed debt collector with the Minnesota Department of Commerce.

## PARTIES

7.     Plaintiff Tunyia Nelson (hereinafter "Plaintiff") is a natural person who resides in the City of New Brighton, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8.     Defendant Stellar Recovery, Inc., a Florida Corporation, (hereinafter "Defendant Stellar") is a collection agency operating from a corporate office address of 4500 Salisbury Road, Suite 105, Jacksonville FL 32216, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.     Sometime approximately 10 years ago, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt for Comcast Cable that was for Plaintiff's personal, family and household purposes.

10.    On or about June 2, 2015, while she permanently resided within the State of

Minnesota, Plaintiff returned a call to Defendant.

11. Plaintiff spoke to a person employed by Defendant as a debt collector.

12. During the course of the conversation, the Defendant's collector asked Plaintiff to pay this debt and therefore this conversation was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

13. During the collection call, Defendant's collector suggested that Defendant would report this debt on her credit report despite the fact that the debt was more than 10 years old.

14. Defendant's debt collector also offered a "settlement" on this debt to Plaintiff, thus falsely suggesting that Plaintiff might be sued on the debt, despite the fact that the debt was beyond the applicable statute of limitations.

15. The original creditor, Comcast, confirmed for Plaintiff that she had a zero-balance on this account, and yet Defendant continues to falsely report this account on Plaintiff's consumer credit reports.

16. Defendant's false representation that Plaintiff needed to pay this debt was an unfair and deceptive attempt to collect this debt, which materially misled Plaintiff as to Plaintiff's rights under the FDCPA, and which affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

17. The Defendant's statements that this decade-old alleged debt would be reported on Plaintiff's credit report, and the suggestion by referencing "settlement" that there might be a lawsuit related to this stale debt, were collection communications made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1), amongst others.

18. Defendant also failed to send Plaintiff the notices required by 15 U.S.C. § 1692g, in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g, amongst others.

### *Summary*

19. All of the communications as alleged herein by this Defendant and its employees constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions cited herein, amongst others.

### *Respondeat Superior Liability*

20. The acts and omissions of these individuals, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff and others as more further described herein, were committed within the time and space

limits of their agency relationship with their principal, Defendant.

21. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

23. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

25. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

26.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

27.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant

to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated: Feb 1, 2016                    Respectfully submitted,

                                      **BARRY & HELWIG, LLC**

                                      By:  **s/Peter F. Barry**
                                      Peter F. Barry, Esq.
                                      Attorney I.D.#0266577
                                      2701 University Ave SE, Suite 209
                                      Minneapolis, Minnesota 55414-3236
                                      Telephone:  (612) 379-8800
                                      Facsimile: (612) 379-8810
                                      pbarry@lawpoint.com

pfb/ra                                **Attorneys for Plaintiff**